UNITED STATES of America, Plaintiff–Appellee,

v.

Osbaldo MONTALVO–DOMINGUEZ, aka El Gordo, Defendant–Appellant.

No. 00–50733.

D.C. No. CR–92–00814–GLT–2.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.[*]

Decided Aug. 15, 2002.

---

1. All outstanding motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Osbaldo Montalvo–Dominguez appeals his 188–month sentence following his jury-trial conviction for conspiracy to aid and abet the distribution of cocaine and launder money, and money laundering, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. §§ 371 and 1956(a)(1)(B)(i). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Montalvo–Dominguez's challenge to the constitutionality of 21 U.S.C. § 841 is foreclosed by *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). Moreover, we find no *Apprendi* error where the sentence actually imposed for each count does not exceed the statutory

maximum for each of the crimes of which he was convicted. *See United States v. Gill*, 280 F.3d 923, 931 (9th Cir.2002).

Montalvo–Dominguez also challenges the district court's enhancement of his sentence for his role as a leader or organizer under U.S.S.G. § 3B1.1(a). We review for clear error. *See United States v. Jordan*, 291 F.3d 1091, 1097 (9th Cir.2002). In determining the applicability of section 3B1.1(a), district court should consider the following factors: (1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others. *United States v. Berry*, 258 F.3d 971, 977–78 (9th Cir.2001); *see United States v. Barnes*, 993 F.2d 680, 685 (9th Cir.1993). In reviewing the record, we find no error in the district court's application of the four-level upward adjustment.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.